*C/SPC*

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 AUG 19 PM 4:30

DEPUTY CLERK_____

| | | |
|---|---|---|
| ROSA SILVAS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **5-16 CV-197-C** |
| | § | |
| VXI GLOBAL SOLUTIONS, L.L.C. | § | |

### PLAINTIFF'S ORIGINALCOMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rosa Silvas, Plaintiff, complaining of VXI GLOBAL SOLUTIONS, L.L.C., Defendant, and for cause of action would respectfully show the Court as follows:

1.      Plaintiff is a citizen of the United States and a resident of the State of Texas.

2.      Defendant, VXI GLOBAL SOLUTIONS, L.L.C., is a business with operations throughout the State of Texas and may be served with process by service upon its senior vice president North America, Dave Palmer, at 220 West First Street, Los Angeles, CA 90012.

3.      Plaintiff brings this action under the Family and Medical Leave Act, 29 U.S.C. §§2601 et seq. (hereinafter referred to as "FMLA").

4.      This Court has jurisdiction of this action pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331.

5.      Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6.      Plaintiff has satisfied all conditions precedent to initiating this court action.

7.      Plaintiff is a former employee of Defendant.  Plaintiff was, at all times relevant to this cause of action, an eligible employee under the FMLA.

8.      Defendant is an employer under the FMLA.

–1–

9.    Plaintiff was employed by Defendant from the Spring 2012 until she was fired in April 2015. At the time she was fired, Plaintiff was a Human Resource Coordinator/Clerk earning approximately $500.00 per week.

10.    On or about February 9, 2015, Plaintiff took leave under the FMLA for the birth of her baby. The baby was born on February 16, 2015 and Plaintiff remained on FMLA leave until on or about April 17, 2015. At the end of her first day back, Plaintiff was told she could no longer work in her position as it had been eliminated. In fact, however, the position had not been eliminated but had simply been reclassified from HR Clerk to HR Coordinator and was given to the person Plaintiff had trained to fulfill her duties while she was out on FMLA leave.

11.    Under the FMLA, Plaintiff had up to twelve weeks of leave. During this time period, her job status would be protected and she was to be returned to her previous employment position upon her return from leave.

12.    The firing of Plaintiff by Defendant constitutes an unlawful termination under the FMLA. Specifically, Defendant interfered with Plaintiff's right to take FMLA leave for the birth of her baby as mandated by 29 U.S.C. §2612, and interfered with Plaintiff's right to restoration to her position after taking medical leave as mandated by 29 U.S.C. §2614. Such conduct is prohibited by 29 U.S.C. §2615(a) of the FMLA. Additionally, Defendant's termination of Plaintiff's employment constitutes unlawful discrimination or retaliation against Plaintiff for Plaintiff's attempt to take FMLA leave which violates 29 U.S.C. §2615(b) of the FMLA.

13.    The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm. As a result of Defendant's conduct, Plaintiff has suffered significant damages in the form of lost wages and benefits.

14.    Plaintiff is entitled under 29 U.S.C. §2617(a)(1) to recover from Defendant the value of the lost wages and lost benefits incurred as a result of Defendant's conduct, as well as liquidated damages, interest on such amount and such other and further equitable relief that the Court deems appropriate, for which claim is hereby made.

15.    Plaintiff is also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

WHEREFORE, Plaintiff prays that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiff be awarded judgment against Defendant for actual damages, liquidated damages, equitable relief, prejudgment and post-judgment interest as allowed by law, attorney's fees, cost of court and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

JOHNSTON & MILLER
Attorneys at Law
1212 13th Street, Suite 101
Lubbock, Texas 79401
Phone:  (806) 785-1499
Fax:  (806) 762-6901
Email: jcraig@nts-online.net

By: _____
J. Craig Johnston
State Bar No. 00787784

ATTORNEYS FOR PLAINTIFF

−3−

## JURY DEMAND

Plaintiff respectfully requests a Jury Trial.

By:    _____
          J. Craig Johnston